**J.F. FONG, INC., dba American Imex, a California corporation, Plaintiff,**

v.

**SPARTA SURGICAL COMPANY, INC., a Delaware corporation, Defendant.**

**No. SA CV 93–612–LHM.**

United States District Court, C.D. California.

July 9, 1993.

---

Donald M. Cislo, Daniel M. Cislo, Cislo & Thomas, Santa Monica, CA, for plaintiff.

Samuel M. Shafner, Shafner & Gilleran, Boston, MA, Stephen Donovan, Laguna Hills, CA, for defendant.

## *ORDER DISMISSING ACTION WITHOUT PREJUDICE*

McLAUGHLIN, District Judge.

On June 10, 1993, the Court ordered the Plaintiff and Defendant to show cause why the action should not be dismissed without prejudice. Having read and considered the Response, Reply, and Rebuttal to Reply, together with reviewing the Complaint, the Court exercises its discretion and dismisses the action without prejudice for the reasons set forth below.

1. *Burden.* Plaintiff, as the party invoking jurisdiction, bears the burden of establishing the Court's jurisdiction. *Cardinal Chemical Co. v. Morton International, Inc.*, 508 U.S. ——, 113 S.Ct. 1967, 124 L.Ed.2d 1 (1993).

2. *Plaintiff did not satisfy the "actual controversy" requirement.* On June 7, 1993, Plaintiff filed its Complaint for Declaratory Judgment of patent invalidity and non-infringement. The applicable law is stated in *Indium Corp. of America v. Semi–Alloys, Inc.*, 781 F.2d 879 (Fed.Cir.1985): "In the case of an action seeking a declaratory judgment of patent invalidity or non-infringement, the actual controversy requirement is satisfied when a defendant's conduct has 'created on the part of the declaratory plaintiff a reasonable apprehension that it will face an infringement suit if it commences or continues the activity in question' ... The test is an objective one—reasonable apprehension ... must exist at the time suit is filed ..."

The Court credits the Declaration of Samuel M. Shafner, Esq., that beginning May 4, 1993, Defendant agreed not to file suit against Plaintiff while settlement negotiations were ongoing. Defendant's agreement remained in effect continuously and was in effect on June 7, 1993, when Plaintiff, unknown to Defendant, filed the instant lawsuit.

Accordingly, Plaintiff has not established that on June 7, 1993, Plaintiff was under a reasonable apprehension that Defendant intended to file against it. To the contrary, Defendant had agreed continuously since May 4, 1993, not to file a lawsuit.

THEREFORE, IT IS ORDERED that the above-entitled action be dismissed without prejudice.